CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS DEL RIO, on behalf of
himself and others similarly situated,

                Plaintiff,

-against-

T&T 130 PIZZA CORP., or any other business entity doing
business as BELLA NAPOLI PIZZERIA, located at 130 Madison
Avenue, New York, NY, and ANTHONY RUSSO, individually,

                Defendants.

Case No.: 16 Civ. 955

**COMPLAINT**

**FLSA COLLECTIVE ACTION**

---

Plaintiff, Carlos Del Rio ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, T&T 130 Pizza Corp., or any other business entity doing business as "Bella Napoli Pizzeria", located at 130 Madison Avenue, New York, New York (hereinafter, "Bella Napoli"), and Anthony Russo, individually (collectively referred to herein as the "Defendants"), and states as follows:

**INTRODUCTION**

1.     Plaintiff, Carlos Del Rio, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid minimum wages and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff, Carlos Del Rio, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid minimum wages and overtime compensation; (2) unpaid "spread of hours" premium for each day he worked ten (10) or more hours; (3) liquidated damages pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Kings County, New York.

6. Defendant, Bella Napoli, is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business at 130 Madison Avenue, New York, New York 10016, operating an Italian restaurant and pizzeria.

7. Upon information and belief, Defendant, Anthony Russo, is an owner, officer, director and/or managing agent of Bella Napoli, whose address is unknown at this time and who participated in the day-to-day operations of Bella Napoli and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Bella Napoli.

8. Plaintiff, Carlos Del Rio, was employed by Defendants in New York County, New York, to work as a food preparation helper, dishwasher, and delivery person for Defendants' restaurant known as "Bella Napoli" from approximately June 2014 through January 2016.

9. At all relevant times, Bella Napoli was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff, Carlos Del Rio, was directly essential to the businesses operated by Bella Napoli.

11. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Carlos Del Rio, and others similarly situated, minimum wages, in contravention of the FLSA and New York Labor Law.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Carlos Del Rio, and others similarly situated, lawfully earned overtime wages, in contravention of the FLSA and New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Carlos Del Rio, and others similarly situated, lawfully earned "spread of hours" premium in contravention of the New York Labor Law.

14. Plaintiff, Carlos Del Rio, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

15. In or around June 2014, Plaintiff, Carlos Del Rio, was hired by Defendants to work as kitchen helper, food preparer, dishwasher and delivery person at Defendants' restaurant known as "Bella Napoli" located at 130 Madison Avenue, New York City, New York.

16. At all times relevant to this action, Plaintiff, Carlos Del Rio, was employed by Bella Napoli Pizzeria, located at 130 Madison Avenue, New York, New York.

17. Plaintiff worked for the Defendants at Bella Napoli continuously between June 2014 through January 2016.

18. During Plaintiff's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked five (5) or six (6) shifts per week, and his work shift spanned twelve (12) to fourteen (14) hours per day. When Plaintiff worked five (5) days, he would work a total of approximately sixty (60) to seventy (70) hours in a single week. When Plaintiff worked six (6) days, he would work a total of approximately seventy-eight (78) hours in a single week. As such, Plaintiff worked approximately sixty (60) hours to seventy-eight (78) hours per workweek, between June 2014 through January 2016.

19. Plaintiff was always paid $7.00 per hour "straight-time", without the required overtime premium pay. Plaintiff was paid for thirty (30) hours by check, and the remainder in cash.

20. Throughout the course of his employment, Plaintiff, along with other similarly situated employees, worked more than forty (40) hours per week, and was not paid at time and one-half the minimum hourly wage, as required by state and federal law.

21. At all times relevant to this action, did punch a time clock, but he was not given an accurate "wage statement" as required by State and Federal law.

22. Even after the New York State wage and hour laws were revised and strengthened in April 2011 with the implementation of the New York State Wage Theft Prevention Act, Defendants knowingly and willfully operated, and continue to operate, their businesses with a policy of not paying Plaintiff and other similarly situated employees the minimum state and

federal wage, or the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

23. Even after the New York State wage and hour laws were revised and strengthened in April 2011 with the implementation of the New York State Wage Theft Prevention Act, Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

24. Under federal and state law it is the employers' responsibility to keep records of employees' hours and wages.

25. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time and pay records.

26. Defendants kept inadequate records of hours worked and compensation paid to Plaintiff and other similarly situated employees and as such Plaintiff and other similarly situated employees may carry their burden of proof as to hours worked based upon their recollection.

27. Defendant, Anthony Russo, is an individual who, upon information and belief, owns the stock of Bella Napoli, owns Bella Napoli, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

28. Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

**COLLECTIVE ACTION ALLEGATIONS**

29. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA wages or the New York State wages to Plaintiff and other similarly situated employees.

30. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

31. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant since February 2013 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

32. Plaintiff brings this action individually and as class representatives on behalf of himself and all other current and former non-exempt cooks, dishwashers, and delivery persons who currently are, or have been employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period"), and who did not receive proper overtime compensation for all hours worked above forty (40) per week (the "Collective Action Members").

33. Upon information and belief, the Collection Action Members are so numerous that joinder of all members is impracticable. The identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are

presently within the sole control of the Defendants. Upon information and belief, the class is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

34. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

35. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

36. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

37. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiff and Collective Action Members are:

    a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

    b. Whether Plaintiff and the Collective Action Members were improperly classified as exempt under the FLSA;

c. Whether Defendants failed to pay minimum wages and overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

d. Whether Defendants' violations of the FLSA were willful as that term is used in the context of the FLSA;

e. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, statutory, interest, costs, disbursements, and attorneys' fees.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

38. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "37" of this Complaint as if fully set forth herein.

39. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

41. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

42. Plaintiff, Carlos Del Rio, worked hours for which he was not paid the statutory minimum wage.

43.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for his hours worked.

44.     Defendants failed to pay Plaintiff minimum wages in the lawful amount for his hours worked.

45.     Plaintiff, Carlos Del Rio, was entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

46.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

47.     At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

48.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiff.

49.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

50. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

51. Defendants failed to properly disclose or apprise Plaintiff, Carlos Del Rio, of his rights under the FLSA.

52. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

53. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

54. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

55. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to further amend this Complaint to set forth the precise amount due.

56. Defendants failed to properly disclose or apprise Plaintiff, Carlos Del Rio, of his rights under the FLSA.

57. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

58. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

59. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

60. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "59" of this Complaint as if fully set forth herein.

61. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

62. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

63. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

64. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

65. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of

hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

### COUNT III

**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

66. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "65" of this Complaint as if fully set forth herein.

67. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

68. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

69. Plaintiff and others similarly situated were paid part of their wages in cash, and not provided with an accurate wage notice or wage statement as required by law.

70. Payment of wages in cash was done with the intent of hiding from plaintiff the number of overtime hours worked per week, and avoiding payment of such hours at the rate of time and a half, as required by law.

71. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

### PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Carlos Del Rio, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid minimum wages and overtime wages due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premiums under the New York Labor Law;

(d) Statutory penalties for failing to comply with the notice and record-keeping requirements of the New York State Wage Theft Prevention Act.

(e) An award of liquidated damages pursuant to 29 U.S.C. § 216;

(f) An award of liquidated damages as a result of Defendants' willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
February 8, 2016

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone (212) 209-3933
Facsimile (212) 209-7102

By: _____
Peter H. Cooper (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Carlos del Rio_, am an employee formerly employed by _Bella Napoli_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_1/4/2016_, 2016

_Carlos del Rio_

Sworn to before me this _4th_ day of _January_ 2016

_[signature]_
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in New York County
Commission Expires MAY 6, 20__